UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                Plaintiff,                    **ORDER**

     -against-                     **22-CV-6619 (JPC) (JW)**

JOHN DOE,

                Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

      This action was commenced on August 3, 2022, against a John Doe identified as a subscriber with the internet protocol ("IP") address 98.7.9.195. Dkt. No. 1. On August 22, 2022, Plaintiff filed a motion for leave to serve a third-party subpoena on Defendant's internet service provider ("ISP"). Dkt. No. 6. Said motion was granted by District Judge John P. Cronan on August 23, 2022. Dkt. No. 8. On September 13, 2022, the subject motion to quash the third-party subpoena was filed. Dkt. No. 9 ("Motion" or "Mot."). Plaintiff's response in opposition to the motion was filed on September 30, 2022. Dkt. No. 12 ("Opposition" or "Opp.").

      Defendant objects to the disclosure of their name and address to Plaintiff. Mot. at 1. Defendant bases their objection on three grounds, two of which are enumerated in Federal Rule of Civil Procedure ("FRCP") 45(d)(3). Defendant's first argument is that the subpoena "requires the disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(iii). Their second argument is that it subjects Defendant to an undue burden. Fed. R. Civ. P. 45(d)(3)(iv). Finally, Defendant argues that the subpoena is not substantiated. Mot. at 1.

## LEGAL STANDARD

"The burden of persuasion in a motion to quash a subpoena… is borne by the movant." Pegoraro v. Marrero, No. 10-cv-51 (AJN) (KJF), 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012) (quoting Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003)). "A determination to grant or deny a motion to quash a subpoena is discretionary." Id. (citing Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973)).

## DISCUSSION

Each of Defendant's three arguments will be taken in turn: first, whether the subpoena seeks privileged or other protected manner per FRCP 45(d)(iii); second, whether the subpoena imposes an undue burden on Defendant per FRCP 45(d)(iv); and third whether the subpoena is substantiated.

### A. Whether the subpoena seeks privileged or other protected matter.

"Internet users have a limited First Amendment privacy interest in anonymous Internet usage, including the use of peer-to-peer file copying networks to download, distribute or make available for distribution copyrighted material in electronic form." John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (internal quotations omitted). "However, in the file-sharing context, First Amendment protection 'is limited and is subject to other considerations.'" Id. (citing Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp.2d 556, 564 (S.D.N.Y. 2004)). "[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment." Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir.

2010).  A five-factor test has been established to balance anonymity and copyright rights:

> "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy."

Id. (citing Sony Music, 326 F. Supp.3d at 564-565).

This case is not unique; similar requests have proliferated the courts in recent years,[1] and as a result several courts have analyzed the factors laid out above in the context of a copyright holder seeking the name and address of an anonymous file-sharer as they pursue a claim against them.  Courts have routinely found that there is not a sufficient claim of privilege over one's name and address in the face of these subpoenas.  See, e.g., John Wiley & Sons; Sony Music; Arista Records.  In all these cases, the courts have found that the privacy or First Amendment interest does not outweigh the copyright claim, particularly because such disclosure is the only way for Plaintiff to obtain the information required to advance their claim.

The application of the Sony Music factors leads to the same result in this instant case.  Plaintiff has made out their *prima facie* claim of actionable harm.  See generally, Opp.  The discovery request is specific, there is no other way for Plaintiff

---

[1] The Southern District has routinely granted Plaintiff's subpoenas to non-parties for IP information. See, *e.g.*, Strike 3 Holdings, LLC v. Doe, No. 19-cv-5866 (AT) (RWL), 2019 WL 4493342 (S.D.N.Y. Aug. 21, 2019); Strike 3 Holdings, LLC v. Doe, No. 18-cv-5586 (LAK) (KNF), 2018 WL 5815100 (S.D.N.Y. Oct. 15, 2018); Strike 3 Holdings, LLC v. Doe, No. 17-cv-9654 (AT) (KNF), 2018 WL 1737217 (S.D.N.Y. Mar. 12, 2018); Strike 3 Holdings, LLC v. Doe, No. 21-cv-10092 (AJN) (KHP), 2021 WL 5810934 (S.D.N.Y. Dec. 6, 2021); Strike 3 Holdings, LLC v. Doe, No. 22-cv-4770 (PAE), 2022 WL 2526132 (S.D.N.Y. July 1, 2022).

to get this information, and it is needed to advance the claim. Finally, Defendant's expectation of privacy is minimal. See John Wiley & Sons, 284 F.R.D. at 191 ("ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material.").

The Court notes one misleading statement in Plaintiff's Opposition. Plaintiff states that "[t]o alleviate any concerns... Plaintiff has included the terms of a protective order in its proposed order, which would allow Defendant to remain pseudonymous as "John Doe" throughout the litigation." Opp. at 6. This Court reviewed the proposed order, Dkt. No. 6, Ex. 1, as well as that signed by Judge Cronan, Dkt. No. 8, and found no such provision. Plaintiff is invited to make a corrective application to the Court if their intent was to allow Defendant to continue to proceed anonymously.

### B. Whether the subpoena imposes an undue burden on Defendant.

Defendant's second argument is that the subpoena imposes an undue burden on them. This subpoena is not directed at Defendant, but rather at a third-party ISP. As such, if the subpoena does impose a burden, that burden falls on the party which has been asked to produce information. See, e.g., Malibu Media, LLC v. Doe, No. 18-cv-6574 (JPO), 2018 WL 5985284, at * 3 (S.D.N.Y. Nov. 14, 2018) ("A party usually does not have standing to object to a subpoena directed to a non-party." (internal quotations omitted)); Strike 3 Holdings, LLC v. Doe, No. 17-cv-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) ("Because the subpoena does not obligate Defendant to do or produce anything, Defendant cannot object to the subpoena on the

grounds that it would constitute an undue burden." (internal quotations omitted)). Thus, there is no burden on Defendant.

### C. **Whether the subpoena is unsubstantiated.**

Defendant's third argument is that Plaintiff's subpoena is unsubstantiated. Mot. at 1. As noted above, Plaintiff makes out a *prima facie* argument for copyright infringement. In support of their Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, Dkt. No. 6, Plaintiff filed a Memorandum of Points and Authorities. Dkt. No. 7. The allegations contained in that filing provide adequate support for the information sought in this subpoena. Id. As stated in a ruling on a similar subpoena sought by Plaintiff:

> "Plaintiff's subpoena clearly seeks relevant information. First, obtaining Defendant's name and address will enable Plaintiff to serve Defendant with the Complaint and summons. That, in turn, will allow Defendant to file a motion to dismiss, if he chooses… Additionally, obtaining Defendant's name and address will allow Plaintiff to investigate whether individuals other than Defendant had access to Defendant's IP address."

[Strike 3 Holdings, LLC v. Doe](), 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019). This subpoena seeks similarly relevant information, and the memorandum in support provides adequate support for its contentions.

### CONCLUSION

The motion to quash is DENIED. On November 1, 2022, Plaintiff requested an extension of time to serve Defendant with papers. Dkt. No. 13. Plaintiff's request for an extension of time is GRANTED. Plaintiff has until January 1, 2023, to effectuate service of the summons and Amended Complaint on Defendant.

SO ORDERED.

DATED:   New York, New York
         November 2, 2022

_____
JENNIFER E. WILLIS
United States Magistrate Judge